# Court of Appeals
# of the State of Georgia

ATLANTA, February 25, 2026

*The Court of Appeals hereby passes the following order:*

## A26D0351. DOMINIQUE SHAW v. ATLANTA 330, LLC.

Atlanta 330, LLC filed a dispossessory action against Dominique Shaw in the Magistrate Court of Fulton County. After the magistrate court granted Atlanta 330 a writ of possession, Shaw filed this application for discretionary appeal. We lack jurisdiction.

Ordinarily, the only avenue of appeal available from a magistrate court judgment is provided by OCGA § 15-10-41(b), which provides for appellate review in the state or superior court. See *Tate v. Habif*, 367 Ga. App. 435, 438–39(2) (886 SE2d 389) (2023). Thus, this Court has jurisdiction to address a magistrate court order only if the order has been reviewed by a state or superior court. See *Harris v. Reserve at Hollywood LLC*, 376 Ga. App. 553, 553 (920 SE2d 163) (2025). The Georgia Constitution, however, provides that "[a]ny court shall transfer to the appropriate court in the state any civil case in which it determines that jurisdiction or venue lies elsewhere." Ga. Const. of 1983, Art. VI, Sec. I, Par. VIII; accord Court of Appeals Rule 11(b).

To the extent this filing may be construed as a notice of appeal, it is hereby TRANSFERRED to the Magistrate Court of Fulton County with direction to transmit

the case to the state or superior court of Fulton County for disposition as appropriate.[1]



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,*   02/25/2026

  *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

  *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[1]We recognize that we are in possession of limited material and that our determination that jurisdiction may lie in another court is limited by the dearth of information. Thus, our ruling should not constrain the magistrate court or the state or superior court to the extent those courts determine either that Shaw has not perfected a right to appeal or that those courts lack jurisdiction.